In re INQUIRY PURSUANT TO HOUSE RESOLUTION 86–H–7080 IMPEACH-MENT OF Chief Justice Joseph A. BE-VILACQUA.

No. 86–125–Appeal.

Supreme Court of Rhode Island.

July 24, 1986.

Stephen J. Fortunato, McKinnon & Fortunato, Pawtucket, Joseph A. Bevilacqua, Jr., Providence, Richard Egbert, Boston, Mass., for plaintiff.

Peter J. McGinn, Tillinghast Collins & Graham, William A. Poore, Hodosh Spinella & Angelone, Providence, Benjamin R. Civiletti, Washington, D.C., for defendant.

ORDER

On March 14, 1986, an order was entered in the above proceeding. Paragraph 6 of the order stated that an opinion setting forth the rationale for the conclusions set forth in the order would be forthcoming at a later date.

On May 28, 1986, the Speaker of the Rhode Island House of Representatives informed the Representatives that Joseph A. Bevilacqua, in a letter dated May 27, 1986, addressed to Governor Edward D. DiPrete, had resigned as Chief Justice of the Rhode Island Supreme Court. The resignation was to take effect as of June 30, 1986. Journal, House of Representatives, Volume 109, No. 66, page 4. The impeachment proceedings which were being conducted by the House of Representatives' Judiciary Committee terminated on June 30, 1986.

The court is of the opinion that the submission of the resignation and the termination of the impeachment proceedings have obviated the necessity of implementing paragraph 6 of the March 14, 1986 order.

ORDER

June 12, 1986

The motion of the Rhode Island House of Representatives Judiciary Committee for release of electronic recordings of the oral argument of counsel, in this matter as prayed, is granted. Following the committee's transcription of said recordings for its records, the recordings shall be returned to the clerk of this court.

BEVILACQUA, C.J., did not participate.

ORDER

March 14, 1986

This case comes before us on appeal from a decision by a justice of the Superior Court in which he declined to quash a subpoena issued by the Judiciary Committee of the Rhode Island House of Representatives. The subpoena was directed to the Chairman of the Commission on Judicial Tenure and Discipline and to the Clerk of the Rhode Island Supreme Court requiring that certain Commission records pertaining to the Commission's investigation of Chief Justice Joseph A. Bevilacqua be produced.

The instant case is also before us on appeal from a decision by the trial justice quashing a subpoena which had been issued to the Chairman of the Judiciary Committee of the House of Representatives, seeking production of all Committee records "[t]ending to show that Chief Justice Joseph A. Bevilacqua has committed any criminal acts in connection with the discharge of his duties as a justice of the Rhode Island Supreme Court."

We affirm in part the decision of the trial justice and modify said decision in part as follows:

1. We hold that the process of impeachment is a Legislative proceeding which is not subject, save in very limited instances, to oversight and review by the Judiciary.

2. We further hold that in the context of this case the Chief Justice by agreeing to accept a censure and other disciplinary

action by the Commission on Judicial Tenure and Discipline in effect waived the confidentiality provisions set forth in chapter 16 of title 8 of the General Laws of 1956 (1985 Reenactment) and also the provisions of Rule 21 of this court issued pursuant to the provisions of § 8–16–12.

3. We declare that the confidentiality provisions of ch. 8–16 and rule 21 remain intact, save for the unique circumstances of this instant case.

4. We sustain the right of the Judiciary Committee of the House of Representatives to subpoena the records of the Commission on Judicial Tenure and Discipline. However, we refer only to material which the Committee determines to be relevant. Therefore, we hold that it is the obligation of the Committee and its counsel to examine material produced pursuant to the subpoena in order to determine the relevancy and pertinency of such material to the Committee's impeachment inquiry. Such material as the Committee deems relevant and pertinent may be used by the Committee and made public by the Committee to the extent that it shall deem necessary and appropriate. Material not deemed by the Committee to be relevant and pertinent should be returned to the Commission and will not be made public or disclosed to non members of the Committee. For the purposes of this provision "members of the Committee" shall include the Committee attorneys.

5. The impeachment inquiry is a function of the House of Representatives, not of the judiciary. Consequently, determinations of relevancy and pertinency by the Committee shall not be subject to judicial review.

6. An opinion setting forth in detail the reasons for this Order will be forthcoming at a later time.